**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Joseph STEWARD, Appellee.**

**Commonwealth of Pennsylvania,**

v.

**Herbert Pearson, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 14, 2006.
Filed Feb. 22, 2007.

Thomas R. Quinn, Philadelphia, for appellant.

Christopher D. Carusone, Atty. Gen., for Com., appellee.

BEFORE: STEVENS, KLEIN and PANELLA, JJ.

OPINION BY KLEIN, J.:

¶ 1 The Commonwealth appeals from the order suppressing evidence obtained pursuant to a wiretap against defendants, Joseph Steward and Herbert Pearson. We reverse and remand for trial.[1]

¶ 2 In February 2000, a wiretap on Rick Rodgers' phone led police to suspect that Steward and Pearson were supplying Rodgers with drugs. On March 23, 2000, after the wiretap on Rodgers' phone expired, police applied for and obtained a warrant to wiretap Steward's phone. Steward and Pearson were subsequently arrested and charged with delivery of a controlled substance, possession with intent to deliver, criminal conspiracy, and criminal use of a communication facility. On January 3, 2003, the Commonwealth filed written notice that Steward and Pearson would be tried together.[2] Defendants then filed a motion to suppress the evi-

---

1. When reviewing a suppression order we follow a clearly defined standard of review and consider only the evidence from the defendant's witnesses together with the evidence from the prosecution that, when read in the context of the entire record, remains uncontradicted. We are bound by the trial court's findings of fact if those findings are supported by the record, but are not bound by its conclusions of law. *Commonwealth v. Chernosky*, 874 A.2d 123 (Pa.Super.2005).

2. *See* Pa.R.Crim.P. 582(B)(1) (notice that offenses or defendants charged in separate indictments or informations will be tried together shall be in writing and filed with clerk of courts); *see also* Pa.R.Crim.P. 582(A)(2) (defendants charged in separate indictments or informations may be tried together if they are alleged to have participated in the same act or transaction or in same series of acts or transactions constituting an offense or offenses).

dence obtained from the wiretap, which the trial court granted on March 21, 2006 following a November 1, 2005 hearing.[3] This appeal followed.

¶ 3 On appeal, the Commonwealth contends that the trial court erred in suppressing the evidence based on its finding that the Commonwealth failed to show that traditional means of investigation had been attempted and failed, or were likely to fail, or were too dangerous to employ, in violation of section 5709(3)(vii) of the Wiretapping and Electronic Surveillance Control Act, (the "Wiretap Act"), 18 Pa.C.S.A. §§ 5701–5782.[4] The Commonwealth's claim that suppression was not warranted is twofold: (1) section 5709(3)(vii) was not violated, as the wiretap application and affidavit for Steward's phone established probable cause to believe that normal investigative procedures had been tried and failed, or reasonably appeared to be unlikely to succeed if tried; and (2) suppression is not an appropriate remedy for a violation of section 5709(3)(vii). We address the Commonwealth's second argument first.

■ ¶ 4 Section 5721.1 of the Wiretap Act provides that an aggrieved party may move to exclude the contents of a wiretap or evidence derived therefrom on six grounds.[5] This creates a situation where a Common Pleas judge can rule that a Superior Court judge erred when determining that there was a legal basis to authorize a wiretap. Section 5721.1 further provides that the *only judicial remedies and sanctions for non-constitutional violations* of the wiretap provisions are those exclusively found in 5721.1. 18 Pa.C.S.A. § 5721.1(e). The plain language of section 5721.1 limits the availability of suppression as a remedy for non-constitutional violations to six grounds specifically enumerated. The normal investigative procedures requirement is *not* included. *See Commonwealth v. Spangler,* 570 Pa. 226, 809 A.2d 234 (2002) (plain language of Section 5721.1(e) limits availability of remedies to those grounds specifically enumerated). Accordingly, suppression is not available as a remedy *even if* alternate methods of investigation were available and not used.

3. Pearson filed the written motion to suppress and Steward orally joined that motion. Counsel for both defendants were present at the suppression hearing, and at the conclusion of the hearing agreed to submit a joint memorandum of law.

4. Under section 5709(3)(vii) of the Wiretap Act, an application for an order of authorization to intercept an electronic or wire communication must contain a sworn statement by the investigative or law enforcement officer who has knowledge of relevant information justifying the application, which must include "a particular statement of facts showing that other normal investigative procedures with respect to the offense have been tried and have failed or reasonably appear to be unlikely to succeed if tried or are too dangerous to employ." 18 Pa.C.S.A. § 5709(3)(vii).

5. Specifically, section 5721.1 states that a motion to suppress may be filed on the following grounds: (1) unless intercepted pursuant to an exception set forth in section 5704, the interception was made without prior procurement of an authorization order under section 5712 or order of approval under section 5713(a) or 5713.1(b); (2) the authorization order issued under section 5712 or approval order issued under section 5713(a) or 5713.1(b) was not supported by probable cause with respect to the matters set forth in section 5710(a)(1) and (2); (3) the authorization order issued under section 5712 is materially insufficient on its face; (4) the interception materially deviated from the requirements of the authorization order; (5) with respect to interceptions pursuant to section 5704(2), the consent to the interception was coerced by the Commonwealth; and (6) the interception was made without prior procurement of a court order or without probable cause where required pursuant to section 5704(2)(iv). 18 Pa.C.S.A. § 5721.1(b).

See *Commonwealth v. Donahue,* 428 Pa.Super. 259, 630 A.2d 1238 (1993) (claim that trial court should have suppressed evidence of wiretaps because affidavits executed pursuant to section 5709(3) did not state that normal investigative measures had been exhausted failed because violation of 5709(3) is not listed as basis for suppression under section 5721).[6]

 ¶ 5 Further, a review of the record indicates that the evidence presented to the Superior Court judge ruling on the wiretap was sufficient to establish that other investigatory methods *had been adequately employed or would have been futile,* particularly since the Superior Court judge was familiar with the investigation and had issued the wiretap order for Rodgers' phone. Specifically, the extensive affidavit filed in support of the application incorporated the 102–paragraph affidavit filed in support of the Rogers wiretap and application for pen register and explained fully that: (1) three confidential informants had been used in the investigation since its inception in August of 1999; (2) the informants could not identify Steward's drug sources; (3) the informants were not members of the Steward drug organization; (4) Rogers had lied to the informants in the past about having cocaine for sale; (5) the one new confidential informant developed during the investigation had contact only with Rogers' partner's brother and did not have access to Pearson or Steward; and (6) physical or visual surveillance of Steward's residence was virtually impossible due to its location and the fact that Rogers, who had regular contact with

Steward and Pearson, had spotted surveillance units twice in the past. Accordingly, the motion to suppress the wiretap was improperly granted. *See Commonwealth v. Rodgers,* 897 A.2d 1253 (Pa.Super.2006) (trial court committed reversible error in viewing ongoing investigation in overly narrow manner by failing to consider Commonwealth's prior use of confidential informants, surveillance, pen registers and trap and trace devices).

¶ 6 Order reversed. Case remanded for trial. Jurisdiction relinquished.

---

**6.** The trial court relied on *Commonwealth v. Hashem,* 526 Pa. 199, 584 A.2d 1378 (1991), to support its conclusion that the Commonwealth's failure to comply with section 5709(3)(vii) is grounds for suppression. In *Hashem,* our Supreme Court held that no violations of any provisions of the Wiretap Act will be tolerated, and suppression is an appropriate remedy for any such violations. However, as this Court noted in *Donahue,* the *Hashem* case interpreted the Wiretap Act before it was amended to include the exclusive remedy provision. *See Donahue, supra* at 1248 n. 11.