J-S79013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JACK D. PENNINGTON, | |
| Appellant | No. 3012 EDA 2013 |

Appeal from the Judgment of Sentence entered October 11, 2013,
in the Court of Common Pleas of Montgomery County,
Criminal Division, at No(s): CP-46-CR-0006758-2012

BEFORE:  ALLEN, OLSON, and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED DECEMBER 18, 2014**

Jack Pennington ("Appellant") appeals from the judgment of sentence imposed after a jury convicted him of three counts of delivery of a controlled substance, two counts of possession with intent to deliver methamphetamine, one count of possession with intent to deliver Percocet, five counts of dealing in unlawful proceeds, four counts of criminal use of a communications facility, and one count of possession of drug paraphernalia.[1] After careful review, we vacate and remand for resentencing.

The trial court summarized the pertinent facts and procedural history as follows:

---

[1] 35 P.S. § 780-113(a)(16) and (30), 18 Pa.C.S.A. §§ 5111(a)(1), 7512(a), and 35 P.S. § 113(a)(32).

* Retired Senior Judge assigned to Superior Court.

[T]he Narcotics Enforcement Team of the Montgomery County Detective Bureau conducted a wiretap investigation into Appellant's involvement in the sale of methamphetamine and Percocet. As a result of that investigation, Appellant, a retired detective sergeant with the Norristown Police Department, was arrested on June 19, 2012, in connection with several drug transactions.

At the preliminary hearing on August 28, 2012, Detective James Vinter, the lead detective of the investigation, testified that on June 19, 2012, surveillance observed Appellant meet with his drug source in the parking lot of the Plymouth Meeting Mall. Appellant exited his vehicle, and went over to the van his drug source was in. Appellant leaned into the driver's side window of the van for several seconds. Believing that a drug transaction occurred, the surveillance officers moved in to effectuate an arrest. Appellant was taken into custody and both Appellant's vehicle and the van were searched. It was stipulated at the preliminary hearing that in the van 82.85 grams of methamphetamine was found. A search of Appellant's vehicle, a Cadillac, in relevant part revealed a fully loaded .38 caliber Smith and Wesson handgun. Percocet pills and methamphetamine were also found in the Cadillac.

Additionally, the criminal complaint and the accompanying affidavit of probable cause, which was sworn to and verified on July 27, 2012, lists in pertinent part that a search of Appellant's vehicle uncovered a Smith and Wesson .38 handgun, approximately 102.99 grams of Percocet and methamphetamine. It further delineated the items recovered from a search of the Chevrolet van, which included in relevant part, 82.85 grams of methamphetamine.

On July 18, 2013, a suppression hearing was held. ... [T]he Commonwealth made a motion to amend the bills of information in light of [the] pronouncement of the United States Supreme Court in *Alleyne v. United States*, –––U.S. –––, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). The Commonwealth noted that there were several mandatories involved in this case, namely the 82.25 grams of methamphetamine, the 102.2 grams

of Percocet and the firearm mandatory.[2] The Commonwealth wanted to amend the bills of information to reflect the weight of the drugs and the presence of the firearm. Defense counsel objected to the Commonwealth's request, arguing that allowing the Commonwealth to amend was adding new and additional charges. [The trial court] took the issue under advisement [and subsequently permitted the Commonwealth to amend the criminal information].

Trial Court Opinion, 1/28/14 at 2-4 (citations to the record omitted).[3]

A jury trial commenced on July 22, 2013, and the jury convicted Appellant of the aforementioned charges. Following a hearing on October

---

[2] **See** 18 Pa.C.S.A. § 7508 (Drug trafficking sentencing and penalties) and 42 Pa.C.S.A. § 9712.1 (Sentences for certain drug offenses committed with firearms).

[3] With regard to the weight of the drugs, the record is unclear as to the precise weight of the Percocet and methamphetamine. Our review of the record reflects that the Commonwealth amended the criminal information as follows:

| | |
|---|---|
| Count 9 (PWID): | 82.25 grams of methamphetamine/to include firearm mandatory |
| Count 10 (PWID): | 102.99 grams of oxycodone/to include firearm mandatory |
| Count 11(PWID): | to include firearm mandatory |
| Count 12(PWID): | 28 grams of methamphetamine |
| Count 13 (PWID): | 28 grams of methamphetamine |
| Count 14 (PWID): | 28 grams of methamphetamine |
| Count 15 (PWID): | 28 grams of methamphetamine |

Amended Criminal Information, 7/16/13.

In light of our determination in this case that imposition of mandatory minimum sentences based on the weight of the drugs was constitutionally impermissible, the precise weight of the drugs is not dispositive.

11, 2013, the trial court sentenced Appellant to a term of imprisonment of 17 to 50 years. This appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Whether the trial court's grant of the Commonwealth's oral motion to amend the Criminal Information created new charges not passed in accordance with the Pennsylvania Crimes Code and the Pennsylvania Constitution rendering the jury's verdicts of guilty on Counts 9, 10 and 11 a legal nullity?

2. Did the record below support the Suppression Court's ruling denying [Appellant's] Motion to Suppress and are the [trial] court's findings of fact and conclusions of law amenable to appellate review?

Appellant's Brief at 3.

In his first issue, Appellant argues that the trial court erred in granting the Commonwealth's oral motion to amend the criminal information to allow the jury to determine the weight of the drugs, and to determine whether the drugs were found in close proximity to the firearm, for purposes of imposing mandatory minimum sentences pursuant to 18 Pa.C.S.A. § 7508 and 42 Pa.C.S.A. § 9712.1. Appellant's Brief at 6-17. Specifically, Appellant claims that the recent United States Supreme Court decision in *Alleyne v. United States*, 133 S.Ct. 2151, 2155 (2013), rendered § 7508 and § 9712.1 unconstitutional, and the trial court acted impermissibly in allowing the Commonwealth to amend the criminal information to include for jury consideration the weights of the drugs seized from Appellant and the

proximity of the firearm to Appellant's drugs in order to subject him to the mandatory minimum sentencing provisions. Accordingly, Appellant argues that his mandatory minimum sentences should be vacated.

In **Alleyne**, the United States Supreme Court held that any facts leading to an increase in a mandatory minimum sentence are elements of the crime and must be presented to a jury and proven beyond a reasonable doubt. Courts of this Commonwealth have held that "[t]he **Alleyne** decision ... renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard." **Commonwealth v. Watley**, 81 A.3d 108, 117 (Pa. Super. 2013) (*en banc*).

Following **Alleyne**, this Court in **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) reviewed the constitutionality of 42 Pa.C.S.A. § 9712.1, which enhances the minimum sentence where a firearm is found in the vicinity of the contraband.[4] We held in **Newman** that the unconstitutional provisions of § 9712.1 which permit a trial judge to impose the mandatory minimum sentence based on a preponderance of the evidence are unconstitutional pursuant to **Alleyne**, and that the

_____

[4] We note that the Commonwealth has filed a petition for allowance of appeal with the Pennsylvania Supreme Court in **Newman**, docketed at 646 MAL 2014. As of the date of this decision, the petition for allowance of appeal remains pending.

- 5 -

unconstitutional provisions were "essentially and inseparably connected" to the valid provisions of the statute, and therefore not severable. *Newman*, 99 A.3d at 101. Accordingly, we concluded that *Alleyne* rendered 42 Pa.C.S.A. § 9712.1 unconstitutional in its entirety, and we vacated the judgment of sentence and remanded for the re-imposition of sentence without consideration of any mandatory minimum sentence provided by Section 9712.1.

Here, in accordance with our decision in *Newman*, which holds that section 9712.1 in its entirety is unconstitutional, we are constrained to vacate the judgment of sentence and remand for the re-imposition of sentence without consideration of any mandatory minimum sentence provided by Section 9712.1.

In addition, Appellant challenges the mandatory minimum sentences imposed pursuant to 18 Pa.C.S.A § 7508 after the jury determined that Appellant possessed methamphetamine of a weight of between 10 to 100 grams and possessed Percocet of a weight of 100 grams or more.

In *Commonwealth v. Fennell*, --- A.3d ---, 2014 WL 6505791 (Pa. Super. November 21, 2014) and *Commonwealth v. Cardwell* --- A.3d ---, 2014 WL 6656644 (Pa. Super. November 25, 2014), this Court recently declared § 7508 unconstitutional in its entirety pursuant to *Alleyne*. Specifically, we held in *Fennell* and *Cardwell* that § 7508(b) — which permits the trial court to determine the weight or amount of the drugs in

question by a "preponderance of the evidence" — is unconstitutional in light of **Alleyne**. Moreover, we reasoned in **Fennell** and **Cardwell** that the unconstitutional "preponderance of the evidence" provision of § 7508(b) is not severable from the rest of the statute, and therefore § 7508 as a whole is unconstitutional. Accordingly, pursuant to **Fennell** and **Cardwell**, we vacate Appellant's judgment of sentence and remand for the re-imposition of sentence without consideration of any mandatory minimum sentencing provided by 42 Pa.C.S.A. 7508.

The Commonwealth argues that by amending the criminal information to permit the jury to determine beyond a reasonable doubt the proximity of drugs to the gun as well as the weight of the drugs, the trial court effectively complied with the requirements of **Alleyne** by submitting the factual questions for a jury to determine beyond a reasonable doubt. The Commonwealth thus argues that the trial court's imposition of mandatory minimum sentences pursuant to 18 Pa.C.S.A. § 9712 and 42 Pa.C.S.A. § 7508 should be upheld.

In **Commonwealth v. Valentine**, --- A.3d ---, 2014 WL 4942256 (Pa. Super. Oct 03, 2014) we held that the trial court was not permitted to empower the jury to resolve the factual bases for imposition of a mandatory minimum sentence. We reasoned that "[b]y asking the jury to determine whether the factual prerequisites [of the mandatory minimum statue at issue] had been met, the trial court effectively determined that the

unconstitutional provisions of [the statute, employing a preponderance of the evidence standard] were severable." *Valentine* at 8. We concluded however that the unconstitutional "preponderance of the evidence" provisions were not severable, and moreover, that by permitting the Commonwealth to amend the criminal information and submitting the factual questions for jury consideration, "the trial court performed an impermissible legislative function by creating a new procedure in an effort to impose the mandatory minimum sentences in compliance with *Alleyne*." *Id*. citing *Newman*, 99 A.3d at 102 (holding that to allow a jury to determine beyond a reasonable doubt whether the conditions exist for imposition of a mandatory minimum sentence would effectively put the courts in a position of "manufactur[ing]" a replacement procedure in an effort to comply with *Alleyne*, and that such action by the courts would constitute an impermissible legislative function).

Therefore, consonant with *Newman* and *Valentine*, we conclude that by amending the criminal information and allowing the jury to determine beyond a reasonable doubt the proximity of the gun to the drugs for purposes of 42 Pa.C.S.A. 9712.1, and the weight of the drugs for purposes of 18 Pa.C.S.A 7508, the trial court created a new procedure contrary to the existing statute, which constituted an impermissible legislative function in an effort to impose the mandatory minimum sentences in compliance with *Alleyne*. As we explained in *Valentine*, "*Newman* makes clear that 'it is

manifestly the province of the General Assembly to determine what new procedures must be created in order to impose mandatory minimum sentences in Pennsylvania following *Alleyne.*'" *Id*. quoting *Newman*, 99 A.3d at 102. Here, the trial court did not have the authority to allow the jury to determine the factual predicates of the mandatory minimum sentencing statutes, and its efforts to impose mandatory minimum sentences pursuant to 18 Pa.C.S.A § 9712.1 and 42 Pa.C.S.A § 7508 were in error.

In his second issue, Appellant argues that the trial court erred in denying his suppression motion. Appellant's Brief at 18-40. Our scope and standard of review is well-settled:

> An appellate court's standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. [Because] the prosecution prevailed in the suppression court, we may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Reese*, 31 A.3d 708, 721 (Pa. Super. 2011) (citations omitted).

Appellant argues that the trial court erred in denying his motion to suppress wiretap evidence obtained through the interception of his telephone calls. Specifically, Appellant argues that in its affidavit of probable

cause in support of the wiretap order, the Commonwealth failed to include "[a] particular statement of facts showing that other normal investigative procedures with respect to the offense have been tried and have failed, or reasonably appear to be unlikely to succeed if tried or are too dangerous to employ" pursuant to 18 Pa.C.S.A. § 5709(3)(vii).  Appellant's Brief at 18.

> Authorizations for interception of telephone communications are subject to the provisions of the Wiretapping and Electronic Surveillance Control Act, 18 Pa.C.S.A. §§ 5701–5782.  An application for an order of authorization to intercept an electronic or wire communication must contain a sworn statement by the investigative or law enforcement officer who has knowledge of relevant information justifying the application, which statement must include "a particular statement of facts showing that other normal investigative procedures with respect to the offense have been tried and have failed, or reasonably appear to be unlikely to succeed if tried or are too dangerous to employ." *Id*. at § 5709(3)(vii).  In addition, before a judge may issue an order authorizing an interception, the judge is required to determine on the basis of the facts submitted in the application that there is probable cause for belief that "normal investigative procedures with respect to such offense have been tried and have failed, or reasonably appear to be unlikely to succeed if tried or to be too dangerous to employ."  *Id*. at § 5710(a)(3).

***Commonwealth v. Rodgers***, 897 A.2d 1253, 1259 (Pa. Super. 2006).

Our courts have explained that suppression is not an appropriate remedy for the Commonwealth's failure to include a sworn statement that other normal investigative procedures have failed, appear unlikely to succeed, or are too dangerous — in  violation of section 5709(3)(vii). ***Commonwealth v. Steward***, 918 A.2d 758, 760 (Pa. Super. 2007)

(explaining that the Wiretap Act allows an aggrieved party to move for suppression on six enumerated grounds which do not encompass a violation of 5709(3)(vii)). Accordingly, to the extent Appellant seeks suppression based on the Commonwealth's failure to include a sworn statement pursuant to section 5709(3)(vii), suppression is not available as a remedy under the Wiretap Act. *Id*.

Moreover, to the extent Appellant argues that the evidence presented to the Superior Court judge ruling on the wiretap was insufficient to establish probable cause to believe that normal investigatory methods had been adequately employed or would have been futile, this claim also fails. *See* 18 Pa.C.S.A. § 5710(a)(3). This Court has addressed the "normal investigative procedures" requirement as follows:

> This is an objective standard; reliance cannot be placed solely upon a subjective belief by the Attorney General or District Attorney that normal investigative procedures will not likely succeed. In this aspect, it will be observed, the standard imposed by the Pennsylvania legislature is more stringent than the requirement imposed by Title III. It is designed to guarantee that wiretapping will not be resorted to in situations where traditional investigative techniques are adequate to expose crime. The requirement also suggests that a wiretap should not be employed as the initial step in a police investigation. However, the Commonwealth is not required to show that all other investigative methods have been exhausted. In making this determination, moreover, the issuing authority may consider and rely upon the opinions of police experts. In reviewing the adequacy of the application to support the issuance of an order of authorization, we will interpret the application in a common sense manner, not overly technical, with due deference to the findings of the issuing authority.

**Rodgers**, 897 A.2d at 1259 quoting **Commonwealth v. Doty**, 498 A.2d 870, 880–81 (Pa. Super. 1985)

Our review of the record indicates that the evidence presented to the Superior Court judge ruling on the wiretap request was sufficient to establish that other investigatory methods had been adequately employed and failed or would have been futile or too dangerous. The extensive affidavit filed in support of the wiretap application supports this determination. The 65-page affidavit by Detective James Vinter included attestations that (1) the confidential informants who had been involved in the investigation were unable to provide any further information as to Appellant's supply sources and manner of acquisition and distribution of contraband, as they did not have sufficient access to Appellant in order to obtain such information; (2) attempts to utilize a new informant had failed, and the possibility of procuring any more confidential informants whom Appellant would consider trustworthy were remote; (3) efforts by undercover police to infiltrate Appellant's tightly knit network had failed and any further such efforts would only arouse suspicion; and (4) continuous physical or visual surveillance of Appellant's residence was difficult as parking within sight of Appellant's residence was prohibited and any effort to do so would arouse suspicion, and while the police department had placed surveillance cameras on Appellant's residence, the cameras offered only restricted views of the residence and the footage was limited in its usefulness. Affidavit of Probable Cause, 6/18/12.

Upon review, and interpreting the wiretap application and affidavit in a common sense manner with due deference to the issuing authority, we find no error in the trial court's denial of Appellant's motion to suppress the wiretap. **Rodgers, supra**.

However, pursuant to **Alleyne** and the decisions of this Court in **Newman** and **Valentine**, we vacate the judgment of sentence and remand for resentencing without consideration of 42 Pa.C.S.A. § 9712.1 and 18 Pa.C.S.A. § 7508.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge Strassburger joins the memorandum.

Judge Olson files a concurring statement in which Judge Strassburger joins.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2014

- 13 -