J-S25025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADONICA C. WILLIAMS | : | |
| | : | |
| Appellant | : | No. 3187 EDA 2024 |

Appeal from the Judgment of Sentence Entered October 18, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000677-2024

BEFORE:  PANELLA, P.J.E., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 27, 2025**

Appellant, Adonica C. Williams, appeals from the October 18, 2024 judgment of sentence of one to two months of county incarceration followed by one year of reporting probation entered in the Philadelphia County Court of Common Pleas following her conviction after a bench trial of Identity Theft.[1] Appellant challenges the sufficiency of the Commonwealth's evidence in support of her conviction.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  In 2017, Siani Dubose ("Victim") met Appellant first through Facebook and then in-person when Victim applied to rent an apartment unit in a building managed by Appellant's employer, Pine Lake Management.  As part of the application

_____

[1] 18 Pa.C.S. § 4120(a).

process, Victim provided Appellant with various forms of identification, including a copy of her Social Security card.

In April 2023, Appellant contacted Victim through the Facebook page Appellant used for her business, "Hair, Here, Hair." Appellant began "continually call[ing] and text[ing Victim] on there" and then started threatening Victim. N.T. Trial, 5/16/24, at 10. Although Appellant and Victim had not maintained a relationship between 2017 and 2023, Victim recognized Appellant's voice from their interactions in 2017. After interacting for a few days, Victim blocked Appellant on Facebook.

In November 2023, Appellant posted Victim's former home address on Appellant's personal Facebook page and then changed her personal profile photograph to a photograph of Victim's Social Security card. When someone commented on the photograph of Victim's Social Security card that "People bout to do her shit dirty," Appellant responded "o well, she rich she a funeral director." *Id.* at 32; Commonwealth Exh. C-1.

After Appellant changed her Facebook profile picture to a picture of Victim's Social Security card, Victim contacted the police and filed a report. Later, the Internal Revenue Service ("IRS") contacted Victim to inform her that someone had filed a fraudulent tax return using Victim's Social Security

number. Victim completed an identity theft affidavit so that the IRS could investigate the fraudulent tax return.[2]

Following Victim's report to the police, the Commonwealth charged Appellant with Identity Theft and Harassment. On May 16, 2024, the case proceeded to a bench trial where Victim testified in accordance with the above facts. The Commonwealth also entered into evidence screenshots of Appellant's Facebook posts of Victim's Social Security card and home address, along with private Instagram messages between Appellant and Victim.

At the conclusion of trial, the court convicted Appellant of Identity Theft.[3] On October 18, 2024, the court sentenced Appellant to one to two months of county incarceration followed by one year of reporting probation. Appellant filed a post-sentence motion, which the trial court denied.

This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

[] Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict[-]winner, is insufficient to establish all elements of Identity Theft, beyond a reasonable doubt?

Appellant's Brief at 6.

_____

[2] At the time of Appellant's May 16, 2024 trial, Victim had not received any information about the status of the investigation, which the IRS informed her could take up to two years.

[3] Appellant did not testify at trial and did not present any evidence in her defense.

Appellant raises issues challenging the sufficiency of the evidence supporting his convictions. "A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). "We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (internal quotation marks and citation omitted). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." *Id.* "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." *Id.*

A person commits Identity Theft if she "possesses or uses, through any means, identifying information of another person without the consent of that other person to further any unlawful purpose." 18 Pa.C.S. § 4120(a). A report to a law enforcement agency by a victim stating that their identifying information has been lost or stolen or that their identifying information has been used without their consent "shall be *prima facie* evidence that the identifying information was possessed or used without the person's consent." *Id.* at § 4120(e). A social security number is "identifying information" under the statute. *Id.* at § 4120(f).

Appellant claims that the Commonwealth's evidence was insufficient to convict her of Identity Theft because the Commonwealth did not prove that she used Victim's identifying information to further any unlawful purpose. Appellant's Brief at 14. She baldly claims that, because the trial court acquitted her of Harassment, the Commonwealth failed to establish that Appellant's actions and inactions amounted to an "unlawful purpose." *Id.*

It is axiomatic that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P 2119(a)-(c). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument." *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018). This Court will address only those issues properly presented and developed in an appellant's brief as required by our rules of appellate procedure. Pa.R.A.P. 2101-2119. As this Court has made clear, we "will not act as counsel and will not develop arguments on behalf of an appellant." *Commonwealth v. Hardy*, 918 A.2d 760, 771 (Pa. Super. 2007). "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived." *Coulter v. Ramsden*, 94 A.3d 1080, 1088 (Pa. Super. 2014). *See also Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (citations omitted) ("[Where] defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.").

Appellant's argument in support of her sufficiency of the evidence claim is woefully underdeveloped. Although Appellant has provided citations to boilerplate authority regarding our standard of review, she has failed to cite to or discuss the facts of this case in the context of any relevant case law and has not provided citations to the record.[4] Her failure to develop the argument in accordance with our Rules of Appellate Procedure has hampered our ability to conduct meaningful appellate review. This issue is, therefore, waived.[5]

Judgment of sentence affirmed.

_____

[4] Appellant merely cited to one Lehigh County Court of Common Pleas opinion for the proposition that "Courts have held that harassment is an unlawful purpose. [**Commonwealth v.** ]**Heller**, [2007 Pa. Dist. & Cnty. Dec. LEXIS 535, Lehigh Cty. Ct. of Common Pleas], *18-19 [(Jan. 8, 2017)]." Appellant's Brief at 14.

[5] Even if she had not waived her sufficiency of the evidence claim, we would find it meritless. The evidence, viewed in the light most favorable to the Commonwealth as verdict-winner demonstrates that Appellant obtained a copy of Appellant's Social Security card when she worked as an apartment rental manager and subsequently used a photograph of the Social Security card as her Facebook profile picture. Appellant did not have Victim's consent to access Victim's Social Security card and post it on Facebook, as evidenced by the police report Victim filed immediately thereafter. The evidence that Appellant wrote "o well she rich" after someone commented on her Facebook page that "People bout to do her shit dirty," is demonstrative of Appellant's explicit acknowledgement that her actions could harm Victim. Accordingly, the Commonwealth presented sufficient evidence to support each of the elements of the offense of Identity Theft.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>8/27/2025</u>